UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA KIRGIN | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| MIDLAND CREDIT MANAGEMENT, INC. | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Victoria Kirgin, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Victoria Kirgin, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which

prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides here.

## III. PARTIES

4. Plaintiff, Victoria Kirgin, is an adult natural person residing at 3647 Friar Road, Philadelphia, PA 19154. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Midland Credit Management, Inc. at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt in this Commonwealth, with a principal place of business located at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7.   Starting in August 2010, Defendant, by and through its agents, has placed an overwhelming amount of phone calls to Plaintiff's home.

8.   Plaintiff has received no written communication from Defendant and is completely unaware of the reasoning behind their unwarranted collection efforts.

9.   From August 3, 2010 to August 27, 2010, Defendant called Plaintiff's home over fifty-five (55) times in an attempt to coerce payment of an apparent outstanding debt, with the intent to annoy, abuse and harass such persons contacted.

10.   The frequency of Defendant's phone calls sometimes numbered five (5) times in a day.

11.   Plaintiff answered a call from Defendant on August 27, 2010 and spoke with an unnamed female agent of Defendant.

12.   Defendant's agent asked for Plaintiff, and out of frustration due to being regularly inundated with phone calls, Plaintiff told the agent that "Victoria" was at an appointment with her doctor.

13.   Defendant's agent then asked Plaintiff why "Victoria" needed to see a doctor.

14.   Plaintiff asked Defendant's agent why Defendant was calling upwards of five (5) times in one day on certain occasions, but agent simply responded, "That's just how it is."

15.   Defendant's agent then told Plaintiff, "Listen, tell 'Victoria' this is a collection agency and she better call us back and start paying her bills."

16. Plaintiff then informed the agent that no personal information regarding the debt should be disclosed to her, but the agent seemed unconcerned and remarked, "Too bad, give her the message."

17. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant as acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant, Midland Credit Management, Inc. was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692b(1): | Contact of Third Party: Stated that consumer owes any debt |
| § 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, Midland Credit Management, Inc. for the following:

a. Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
**(FCEUA, 73 Pa. C.S. § 2270.1 et seq.)**

24. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

25. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

26. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

27. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

28. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

29. Violations of the FDCPA is a _per se_ violation of the FCEUA and the UTPCPL.

30. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

31. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

    a.    Actual damages;

    b.    Treble damages;

    c.    An award of reasonable attorneys fees and expenses and costs of court; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice require.

<u>**COUNT III**</u>

**VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 <u>et seq.</u>**

32. The foregoing paragraphs are incorporated herein by reference.

33. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

34.     The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

35.     The actions of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a.     Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b.     Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c.     Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

36.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

37.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

   a.     An Order declaring that Defendant violated the UTPCPL;

   b.     Actual damages;

   c.     Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.      JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  September 29, 2010          **BY:** */s/  Bruce K. Warren BKW4066*
Bruce K. Warren, Esquire
**BY:** */s/  Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff